UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINGAL JOHNSON,

      Plaintiff,                        Civil No. 26-cv-10796
                                        Hon. Matthew F. Leitman

v.

TIMOTHY EKPO*, et al.*,

      Defendants.

_____/

## ORDER (1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 8), (2) DENYING PLAINTIFF'S MOTION FOR SERVICE OF SUMMONS (ECF No. 9), (3) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT MARGRET OUELETTE (ECF No. 13), AND (4) EXTENDING SUMMONS

Plaintiff Fingal Johnson is a state inmate in the custody of the Michigan Department of Corrections.  In this action, he says that he received inadequate medical care from the Defendants. (*See* Compl., ECF No. 1.)  Several motions are now pending before the Court.

First, Johnson has filed a motion in which he asks the Court to appoint him counsel. (*See* Mot., ECF No. 8.)  Pursuant to 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal

quotations and citations omitted). *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (affirming order denying prisoner's motion to appoint counsel in civil action); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is ... a matter within the discretion of the court. It is a privilege and not a right").

Here, Johnson has not established that "exceptional circumstances" warrant the appointment of counsel. Nor has he shown that he is unable to represent himself in this action. Thus, the Court is not persuaded that the appointment of counsel is necessary or appropriate at this time. The Court therefore **DENIES** Johnson's motion to appoint counsel **WITHOUT PREJUDICE**. Johnson may renew his motion, if appropriate, at a later stage of this litigation.

Second, Johnson has filed a motion in which he asks the Court to have the United States Marshals Service serve his Complaint on Defendant Margret Ouelette. (*See* Mot., ECF No. 9.) That motion is **DENIED** for two reasons. First, and most importantly, while the United States Marshals Service does serve pleadings for indigent plaintiffs who are granted *in forma pauperis* status by the Court, Johnson is not proceeding *in forma pauperis* in this case. Indeed, rather than apply to proceed *in forma pauperis*, Johnson has paid the filing fee. Thus, Johnson is not eligible to have his Complaint served by the Marshals Service. Second, Johnson has indicated to the Court that he does not know Ouelette's current address. And the Marshals

Service can only serve a pleading on a defendant if a plaintiff provides the Marshals Service that defendant's address.  For these reasons, Johnson's motion for service is **DENIED**.

Finally, Johnson has filed a motion to extend the time to serve Ouelette. (*See* Mot., ECF No. 13.)  That motion is **GRANTED**.  Due to Johnson's incarceration, the Court concludes that it is appropriate to grant Johnson some additional time to serve Ouelette.  Accordingly, the summons and time to serve Ouelette shall be extended through **August 31, 2026**.  Johnson shall serve Ouellete with the summons, Complaint, and this order by that date or his claims against her may be dismissed without prejudice.

     **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2026

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 29, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3